UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS ASSET FINANCING CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALICIA CLARK BRADLEY,<br><br>Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>    Reach and<br>    Apply Defendant,<br>    Trustee Defendant. | CIVIL ACTION NO.<br><br>04-10053 RWZ<br><br>MAGISTRATE JUDGE Cohen |



## COMPLAINT

### Introduction

The plaintiff, Massachusetts Asset Financing Corp. ("MAFCO"), which lent substantial sums to Alicia Clark Bradley ("Bradley") and which she has failed to repay, despite MAFCO's repeated demands, hereby names the United States of America as a Reach and Apply defendant and Trustee defendant because the United States currently holds approximately $75,000 cash it seized from Bradley at Atlanta International airport on or about October 18, 2003. In 2001, Bradley intentionally absconded with collateral that MAFCO has a security interest in, or its proceeds, after Bradley defaulted on her loan.

## Parties

1. Plaintiff, MAFCO, is a corporation duly organized under the laws of the Commonwealth of Massachusetts, whose business is asset-based lending, with a principal place of business at 575 Mistic Drive, Marstons Mills, County of Barnstable, Massachusetts.

2. Upon information and belief, defendant Bradley is a resident of Louisiana with an address of 4599 Highway 126 East, Grayson Louisiana 71435. Jurisdiction is proper in Massachusetts over Bradley because she consented to the jurisdiction of the state and federal Courts of Massachusetts when she entered into the loan agreement with MAFCO.

3. The Reach and Apply defendant is the government of the United States of America.

4. The Trustee defendant is the government of the United States of America, (hereinafter "United States").

## Federal Jurisdiction

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346 in that the United States District Courts have original jurisdiction in matters involving the United States as a defendant. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, for the reason of diversity of citizenship between MAFCO, and Bradley, and because the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper in this Court because MAFCO resides in this district.

## Background Facts

6.  MAFCO is in the business of making loans secured by the assets of its borrowers. MAFCO. In September 16, 1998, Bradley had won a jackpot from a Las Vegas casino in the amount of $1,104,917.01. These jackpot proceeds were to be paid out to Bradley by CDS over twenty years in the amount of $55,245.85 per year. In February 1999, MAFCO was considering making a loan to Bradley based on the remaining jackpot proceeds to be paid to her.

7.  In or about February 1999, MAFCO was considering making a loan to Bradley based on the remaining jackpot installment payments to be paid to her by Casino Data Systems ("CDS"). MAFCO would not make the loan to Bradley unless CDS agreed that it would wire the annual installment payments to the escrow account managed by MAFCO. Bradley herself made a request in writing to CDS on February 16, 1999, that all amounts owed to Bradley annually under her jackpot win be wired to the Massachusetts account managed by MAFCO.

8.  MAFCO entered into a loan arrangement ("Loan Agreement") with Bradley executing a promissory note. On March 9, 1999, MAFCO lent Bradley the sum of $232,050.00, to be repaid in seven equal annual installments. MAFCO also later entered into another loan arrangement (both loans and notes collectively referred to as the "Loan Agreement") with Bradley whereby MAFCO on December 10, 1999, lent her an additional $99,450.00, also in reliance on the annual payments to be made to the aforementioned escrow account.

9. As part of the Loan Agreement, MAFCO took a security interest in Bradley's right to the balance of the jackpot payments from CDS. MAFCO on February 23, 1999, properly recorded Uniform Commercial Code Financing Statements in support of its security interest in the remaining jackpot proceeds, a copy of which recorded Financing Statement is attached as Exhibit "A".

10. CDS made payments as required by the Loan Agreement in September, 1999 and in September, 2000. From these payments MAFCO as escrow agent of the account paid itself the first two installments on its February 9, 1999 loan to Bradley and remitted the balance to Bradley.

11. Sometime in 2000, CDS permitted Bradley to take prepayment of the entire balance of the jackpot proceeds. Bradley moved to a location unknown to MAFCO. Bradley defaulted on her obligations under the Loan Agreement, including failing to make payments to MAFCO as required by the promissory notes. Despite attempts by MAFCO to locate Bradley, her current whereabouts at that time of her default were unknown. Bradley's whereabouts remained unknown to MAFCO until a few days before the present action was filed.

### Facts Relevant to the Present Action

12. Upon information and belief, on or about October 18, 2003, Bradley was stopped by Drug Enforcement Administration agents at Atlanta International airport when a drug detecting dog indicated to agents that Bradley may have controlled substances in her luggage.

13. After searching Bradley's luggage, agents found approximately $75,000 in cash and confiscated the money pending criminal charges and/or a forfeiture action. Bradley told investigators that the cash was part of the above-mentioned jackpot proceeds.

14. By the end of December 2003/early January 2004, investigators had checked out Bradley's claims about the money and learned through MAFCO's agents and CDS, among other things, that Bradley had won the aforementioned jackpot, that MAFCO has a security interest in the jackpot prize proceeds and that MAFCO had filed financing statements to perfect its security interest in the prize proceeds.

15. On or about January 5, 2004, when MAFCO learned that Bradley had been stopped at Atlanta International airport with approximately $75,000 in cash, it contacted an Assistant United States Attorney in Atlanta. The Assistant United States Attorney informed MAFCO that no forfeiture action, or any other action, would be taken against Bradley and that the $75,000 in cash would be returned to Bradley on January 18, 2004.

## COUNT I:
### Breach of the Loan Agreement
### MAFCO v. Bradley

16. MAFCO repeats and realleges the allegations in the above paragraphs and incorporates them herein by reference.

17. By failing to make the payments due under the Loan Agreement and promissory notes, Bradley is, and has been, in default.

18. Bradley defaulted under the terms and conditions of the Loan Agreement and all amounts due under the Loan Agreement were due and payable, plus default interest, costs and attorneys' fees, all as provided under the terms and conditions of the Loan Agreement. The present value of the loans from MAFCO to Bradley, including accrued interest, default interest, and attorney's fees to date, is over $500,000.

## COUNT II:
### To Reach and Apply the Interests of Bradley in the Reach and Apply Defendant
### MAFCO v. United States

19. MAFCO repeats and realleges the allegations in the above paragraphs and incorporates them herein by reference.

20. Upon information and belief, the Reach and Apply defendant United States has cash $75,000 in cash claimed by Bradley that is not subject to any attachment by the United States or any other party other than MAFCO.

21. MAFCO is entitled to reach and apply beneficial, equitable, ownership and/or other interest of Bradley in the Reach and Apply defendant United States.

## COUNT III:
### To Attach Funds Held By the Trustee Defendant
### MAFCO v. United States

22. MAFCO repeats and realleges the allegations in the above paragraphs and incorporates them herein by reference.

23. Upon information and belief, trustee defendant United States possesses funds belonging to, or claimed by, Bradley.

24. MAFCO is entitled to satisfy any judgment it may obtain herein through execution on the funds or cash held by the United States.

WHEREFORE, Massachusetts Assets Financing Corporation asks this Court for the following relief:

(1) Award, on Count I, judgment to Massachusetts Asset Financing Corporation and against Alicia Clark Bradley in an amount to be established at trial, plus interest, plus costs of suit including attorney's fees;

(2) Order, on Count II, that the Reach and Apply Defendant United States, and all its agents, employees, servants, representatives and attorneys: (a) be restrained and enjoined from paying or returning any or all of the cash, cash equivalents or other funds or credits to Alicia Clark Bradley, until further order of this Court; and/or (b) be restrained and enjoined from assigning, alienating, transferring, encumbering or in any other manner, disposing of, diminishing or dissipating the value of Alicia Clark Bradley's ownership interest in the cash, cash equivalents or other funds or credits seized by the United States as described in the above Complaint; and

(3) Order, on Count II, that 2(a) and 2(b) above be entered as Preliminary and Permanent Injunctions, and that the assets and/or cash sought to be reached and applied be reached and applied to satisfy plaintiff's judgment against Alicia Clark Bradley;

(4)     Order, on Counts II and III, that the assets and/or cash sought to be reached and applied, or through trustee process, be deposited in Court pursuant to Rule 67 of the Federal Rules of Civil Procedure;

(5)     Order, on Count III, that the Trustee Defendant United States, with respect to the funds of Alicia Clark Bradley held by the Trustee and in such amount as is determined to be owed to plaintiff under Count I; and

(6)     Award such other and further relief to Massachusetts Asset Financing Corporation as this Court deems just and equitable.

Respectfully submitted,

MASSACHUSETTS ASSET FINANCING CORP.
By its attorney,

Christopher Maffucci # 645972
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

Dated: January 9, 2004

6857.16/308393.1

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Massachusetts Asset Financing Corporation

## DEFENDANTS
Alicia Clark Bradley & United State of America

2004 JAN -9 P 1:00
U.S. DISTRICT COURT
D. MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher Maffucci, Esq.   (617) 426-5900
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of Contract, Trustee Process and Reach & Apply

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  1-9-04
SIGNATURE OF ATTORNEY OF RECORD  [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Massachusetts Asset Financing Corp. v. Alicia Clark Bradley & U.S. of America

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 8(a)).

   ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550,
             625, 710, 720, 730, 740, 790, 791, 820, 830,
             840, 850, 890, 892-894, 895, 950.

   _X_  III. 110, 120, 130, 140, 151, 190, 210, 230,
             240, 245, 290, 310, 315, 320, 330, 340,
             345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610,
             620, 630, 640, 650, 660, 690, 810, 861-865,
             870, 871, 875, 900.

   ___  V.   150, 152, 153.

   04 · 10053 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 8(e)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c).   YES ___   NO
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE LOCAL RULE 8(d).   YES   NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  Eastern Massachusetts

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION   No   OR WESTERN SECTION   No

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Christopher Maffucci, Esq.
ADDRESS   303 Congress Street, 2nd Floor, Boston, MA 02210
TELEPHONE NO.   (617) 426-5900

(COVER.SHT-09/89)