UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS ASSET
FINANCING CORPORATION

Plaintiff

VS.

ALICIA CLARK BRADLEY

Defendant

VS.

UNITED STATES OF AMERICA
REACH AND
APPLY DEFENDANT,
TRUSTEE DEFENDANT

CIVIL ACTION: 04.10053

## ANSWER AND DEFENSES TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes ALICIA CLARK BRADLEY, who for an Answer to the Complaint, respectfully represents as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against defendant ALICIA CLARK BRADLEY upon which relief can be granted.

### SECOND DEFENSE

AND NOW, having raised certain preliminary defenses and without waiving her right to first be heard regarding those defenses, Defendant, ALICIA CLARK BRADLEY, responds to the allegations contained in the Complaint, paragraph by numbered paragraph, as follows:

1.

Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and until strict proof is provided defendant denies the allegations.

2.

Defendant admits that she is a resident of Grayson, Louisiana. All other allegations of Paragraph 2 of the Complaint are denied.

3.

No answer required.

4.

No answer required.

5.

Defendant admits to the jurisdiction of this Court should the Complaint state a claim against defendant upon which relief can be granted.

6.

Defendant admits the allegations contained in Paragraph 6.

7.

Defendant admits the allegations contained in Paragraph 7 in order to require strict proof thereof.

8.

Defendant denies the amount of a loan arrangement on March 9, 1999, specifically alleging no such loan was ever made to her in the amount of

$232,050.00.  Defendant admits a loan arrangement on or about December 10, 1999 but shows said loan to have been repaid in full.

9.

Defendant denies the allegations of Paragraph 9 until strict proof is provided.

10.

Defendant denies the allegations of Paragraph 10 until strict proof is provided.

11.

Defendant denies the allegations of Paragraph 11.

12.

Defendant admits she was stopped by Drug Enforcement Administration agents at Atlanta International Airport but denies that a drug detecting dog indicated to agents that defendant had any controlled substances in her luggage.

13.

Defendant admits that she possessed $75,000 in cash at Atlanta International Airport but denies telling anyone said cash was part of any jackpot proceeds.

14.

Defendant denies the allegations of Paragraph 14 until strict proof is provided thereof.

15.

Defendant denies the allegations of Paragraph 15 until strict proof is provided thereof.

16.,

Defendant denies all allegations of a debt to Massachusetts Asset Financing Corporation.

17.

The allegations of Paragraph 17 are denied.

18.

Defendant denies the allegations of Paragraph 18.

19.

Defendant denies any debt to MAFCO.

20.

Defendant admits, based upon information and belief, that Reach and Apply Defendant United States has $75,000 in cash which belongs to defendant ALICIA CLARK BRADLEY and is not subject to any attachment by the United States or any other party.

21.

Defendant denies the allegations contained in Paragraph 21.

22.

Defendant denies the allegations contained in Paragraph 22.

23.

Defendant claims the $75,000 in the possession of the trustee defendant United States.

24.

Defendant denies the allegations contained in Paragraph 24.

WHEREFORE, defendant, ALICIA CLARK BRADLEY, prays that this Answer be deemed good and sufficient and that after due proceedings had, there be Judgment herein in favor of ALICIA CLARK BRADLEY and against MASSACHUSETTS ASSETS FINANCING CORPORATION dismissing the Complaint and Plaintiff's cost.

Defendant, ALICIA CLARK BRADLEY, further prays that the Reach and Apply Defendant United States, and its agents, be restrained and enjoined from paying any funds it possesses belonging to ALICIA CLARK BRADLEY to anyone other than ALICIA CLARK BRADLEY.

Defendant, ALICIA CLARK BRADLEY, prays for any and all general legal and equitable relief to which she may be entitled.

Respectfully submitted,

CHARLES D. JONES
141 DeSiard Street, Suite 315
Monroe, LA 71201
318/325-2644
Bar Roll No. 07476

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer and Defenses have been served on counsel of plaintiff by placing same in the U. S. Mail, properly addressed and postage prepaid to:

Christopher Maffucci
Attorney at Law
303 Congress Street
Boston, Massachusetts 02210

So certified this __3__ day of March, 2004.

CHARLES D. JONES