UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIV. ACTION NO. 04-10053 RWZ

_____
                                   )
MASSACHUSETTS ASSET                )
FINANCING CORPORATION,             )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )
                                   )
ALICIA CLARK BRADLEY,              )
                                   )
    Defendant,                     )
                                   )
vs.                                )
                                   )
UNITED STATES OF AMERICA           )
Reach and Apply Defendant,         )
Trustee Defendant.                 )
                                   )
_____)

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## Introduction

Plaintiff, Massachusetts Asset Financing Corp. ("MAFCO"), moves for summary judgment on its breach of contract claim (Count I) against debtor Alicia Clark Bradley ("Bradley").[1]  MAFCO lent Bradley substantial sums of money and she has refused to repay, despite MAFCO's repeated demands.

---

[1] MAFCO also brought claims against the United States as a Reach and Apply Defendant and a Trustee Defendant, but MAFCO has voluntarily dismissed the United States.  Only MAFCO's claim against Bradley remains.

I.      **STATEMENT OF MATERIAL FACTS**

1.      MAFCO is in the business of making loans secured by the assets of its borrowers. MAFCO. (Bradley Answer to Complaint at ¶6).

2.      In September 16, 1998, Bradley won a jackpot from a Las Vegas casino in the amount of $1,104,917.01. These jackpot proceeds were to be paid out to Bradley over twenty years in the amount of $55,245.85 per year. (Bradley Answer at ¶6).

3.      In or about February 1999, MAFCO was considering making a loan to Bradley, who at the time resided at 1597 Northwood Drive, Fairfield, California, based on the remaining jackpot installment payments to be paid to her. (Bradley Answer at ¶ 7).

4.      On February 16, 1999, MAFCO entered into a loan agreement ("Loan Agreement") whereby MAFCO agreed to lend Bradley $130,000.00. (A true and correct copy of the Loan Agreement is attached hereto as Exhibit A).

5.      On the same date Bradley executed a demand promissory note ("Note") with a face value of $232,050.00. (A true and correct copy of the promissory note is attached hereto as Exhibit B). The Note required Bradley repay the obligation in seven equal annual installments of $33,150.00. (Note, Ex. B).

6.      As part of the Loan Agreement, MAFCO took a security interest in Bradley's right to the balance of Bradley's jackpot payments. (A true and correct copy of the Financing Statement is attached hereto as Exhibit C).

7. On September 13, 1999, made the first scheduled payment of $33,150.00 as required under the Note. (Affidavit of Phil Nadel at ¶5, a true and correct copy is attached hereto as Exhibit D).

8. On December 7, 1999, the parties entered into an amended loan agreement ("Amended Loan Agreement") whereby MAFCO agreed to lend Bradley an additional $15,629.64. (A true and correct copy of the Amended Loan Agreement is attached hereto as Exhibit E). The obligations set forth in the Amended Loan Agreement became incorporated into the Loan Agreement and Note and increased Bradley's aggregate obligation to MAFCO to $331,500.00. (Amended Loan Agreement, Ex. E; P. Nadel affidavit at ¶6, Ex. D).

9. On September 13, 2000, Bradley made the second scheduled payment of $33,150.00, as required under the Note, Loan Agreement and Amended Loan Agreement. (P. Nadel affidavit at ¶8, Ex. D).

10. Sometime after September 13, 2000, Bradley received a lump sum payment of the remaining portion of her jackpot winnings. Bradley did not inform MAFCO that she had received the aforementioned lump sum payment. (P. Nadel Affidavit at ¶10, Ex. D).

11. Bradley failed to make the scheduled September 13, 2001 payment to MAFCO as required under the Note, nor has she made any other payments on the Note other than the first two scheduled payments. (P. Nadel affidavit at ¶¶9, 14, Ex. D).

12. When Bradley failed to make the September 13, 2001 payment, MAFCO attempted to communicate with her via mail and telephone. Shortly thereafter, MAFCO learned

3

that Bradley had moved from her Fairfield, California home and that no forwarding address was available. (P. Nadel affidavit at ¶¶11, 12, Ex. D).

13.   Despite attempts by MAFCO to locate Bradley, her whereabouts were unknown until January 2004. (P. Nadel affidavit at ¶¶12, 13, Ex. D).

14.   When MAFCO learned that Bradley had moved to Grayson, Louisiana, it promptly filed the present action. (P. Nadel affidavit at ¶13, Ex. D).

15.   Since September 13, 2000, Bradley has failed to make any payments to MAFCO under the Note, Loan Agreement and Amended Loan Agreement. (P. Nadel affidavit at ¶14, Ex. D).

16.   The total amount claimed by MAFCO as a result of Bradley's breach of the Note, Loan Agreement and Amended Loan Agreement is $351,698.76. (P. Nadel affidavit at ¶ 16, Ex. D).

## II.   ARGUMENT

MAFCO is entitled to summary judgment on its claim for breach of contract (Count I) because Bradley has failed to make payments as required under the Note and she has therefore breached the Note, Loan Agreement and Amended Loan Agreement.

### A. Summary Judgment Standard.

Summary judgment should be granted when, based upon the pleadings and affidavits, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Gaskell v. Harvard Co-op Society*, 3 F.3d 495, 497 (1st Cir. 1993). If the moving party has shown that there is no credible evidence supporting

4

the non-moving party's position, it is entitled to judgment. *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). Once the moving party has proffered sufficient evidence, the burden then "shifts to the nonmoving party to establish the existence of an issue of fact that could affect the outcome of the litigation...." *Id*. The nonmoving party cannot defeat the motion based upon mere allegations or conjecture. There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). This requires a showing of an adducible, and disputed material fact that "has the potential to affect the outcome of the suit under applicable law." *Nereida-Gonzales v. Triado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

### B.      MAFCO is Entitled to Judgment on the Note.

An action to enforce a promissory note is among the most suitable for disposition by summary judgment. *Federal Deposit Insurance Corp., v. Willis*, 497 F.Supp. 272, 276 (S.D.Ga. 1980). In an action on a promissory note in which there is a showing of no material question regarding execution and default, summary judgment is appropriate. *Mulholland v. GMZ Associates, Ltd.*, 2004 WL 489062, *1 (S.D.N.Y.).

Under Massachusetts law, unambiguous language in a promissory note and loan agreement must be enforced according to the terms set forth in those documents. *See Schwanbeck v. Federal Mogul Corp.*, 412 Mass. 703, 706 (1992) *citing Freelander v. G.& K. Realty Corp.*, 357 Mass. 512, 516 (1970) (an unambiguous agreement must be enforced according to its terms). Once a note has been produced with a valid signature, the burden shifts to the obligor to establish a defense. *Coupounas v. Madden*, 401 Mass. 125, 129 (1987).

The Note at issue in this case contains an unconditional promise to pay $232,500 which includes principal and interest calculated at 19.572% per annum.[2] (Note, Ex. B). Bradley admits that she has a "loan arrangement" with MAFCO and has not denied that she signed the Note. (Bradley Answer at ¶8). After an amendment to the Loan Agreement, MAFCO loaned Bradley additional funds which increased her obligation under the Note to $331,500.00. (Amended Loan Agreement, Ex. E).

MAFCO is entitled to summary judgment against Bradley simply because she has failed to make the required payments under the Note, Loan Agreement and Amended Loan Agreement. (P. Nadel affidavit at ¶¶ 9,14, Ex. D). Nor was Bradley's obligation to make payments contingent upon the occurrence of any event or performance. (Note, Ex. B). Under the terms of the agreements, Bradley was required to make annual payments to MAFCO beginning on September 13, 1999 towards her obligations. (Note, Ex. B; Loan Agreement, Ex. A; Amended Loan Agreement, Ex. E). Bradley was required to make these payments each and every September 13th up through and including 2005. (Note, Ex. B). As set forth in the affidavit of Phil Nadel, President of MAFCO, Bradley made the first two payments, but has failed to make any other payments specified under the Note, Loan Agreement and Amended Loan Agreement. (P. Nadel Affidavit at ¶¶5, 8, 9, 14, Ex. D).

In her unsworn Answer to MAFCO's Complaint, Bradley claims that the loan has been "repaid in full," but to date she has not provided any evidence in support of her position. Since Bradley's obligations under the Note, Loan Agreement and Amended Loan Agreement, remain unpaid, and because MAFCO has timely filed the action to collect, MAFCO is entitled to summary judgment. *Royal Bank of Canada v. Mahrle*, 818 F.Supp. 60, 62 (S.D.N.Y.1993). It should be noted that Bradley has been aware of MAFCO's position since January 13, 2004 when

---

[2] The Note, Loan Agreement and Amended Loan Agreement were each notarized.

MAFCO served her with the Complaint seeking damages on the Note, Loan Agreement and Amended Loan Agreement. Thus, Bradley has had over five months to produce evidence that the missing payments under the agreements have been made. She has failed to provide any documentation in support of her position.

In her Answer to the Complaint she merely asserts a defense that MAFCO "fails to state a claim against [Bradley]" but otherwise sets forth no facts to support this proposition (Bradley Answer at ¶1). "[S]peculation, rather than facts and affidavits" and arguments of counsel are insufficient to defeat MAFCO's motion for summary judgment. *Internet Financial Services, LLC v. Law Firm of Larson-Jackson, P.C.*, 310 F.Supp.2d 1, 4 (D.D.C. 2004). In sum, Bradley's allegations are wholly insufficient as a matter of law and MAFCO is entitled to summary judgment. *Id.*

    **C.**    **MAFCO is Entitled to Judgment on the Note in the Amount of $351,698.76.**

When liability on a promissory note has been determined, it is appropriate for a court to award damages on a plaintiff's motion for summary judgment.[3] *Newburyport Five Cents Sav. Bank v. MacDonald*, 48 Mass.App.Ct. 904 (Mass.App.Ct. 1999) (affirming trial court's allowance of summary judgment and awarding of damages in loan default case); *Rhode Island Depositors Economic Protection Corp., v. Bourgeois*, 1995 WL 1316047 (Mass.Super.) (allowing motion for summary judgment finding liability and awarding damages in loan default case).

As described in the affidavit of Phil Nadel, President of MAFCO, which details the amounts due MAFCO, payments made by Bradley, late fees and default interest rate, MAFCO is entitled to judgment in the amount of $351,698.76. (P. Nadel affidavit at ¶¶ 15, 16, Ex. D).

For all the foregoing reasons, MAFCO respectfully requests that its Motion for Summary Judgment be allowed and damages in the amount of $351,698.76 be awarded to it.

Respectfully submitted,

MASSACHUSETTS ASSET FINANCING CORP.
By its attorney,

_____
Christopher Maffucci # 645972
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

Dated:  June 21, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each other party by electronically and by first class-mail on June 21, 2004.

/s/ Christopher Maffucci
Christopher Maffucci

6857.16/322941.1